NUMBER 13-07-00512-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


OSCAR RENE BENAVIDEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 389th District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Oscar Rene Benavidez, appeals from his conviction for the offense of
delivery of more than four grams but less than 200 grams of a controlled substance
(cocaine), a first-degree felony. See Tex. Health & Safety Code Ann. § 481.112(d)
(Vernon 2003). On November 11, 2001, appellant pleaded guilty to the offense. After
conducting a plea hearing and finding that the evidence substantiated appellant's guilt, the
trial court, acting in accordance with the plea bargain, deferred further proceedings in the
cause without entering a finding of guilt and placed appellant on community supervision
(probation) for a term of eight years.

 On May 16, 2003 and February 24, 2004, the State filed a first and a second motion
to adjudicate guilt, alleging non-compliance with the conditions of probation. The motions
were dismissed by agreement after the conditions were modified either by agreement of
the parties or by the trial court. On August 11, 2006 and April 13, 2007, the State filed and
then amended its third motion to adjudicate guilt, alleging violations of a number of
conditions of probation. (1) After granting several requests for continuance based on
appellant's dissatisfaction with appointed counsel, the trial court overruled appellant's final
request and held a hearing on the State's amended motion to adjudicate.

 At the hearing to adjudicate guilt, appellant entered a plea of "not true" to the
allegations, and the trial court proceeded to a contested hearing on the motion. The State
called five witnesses to support its allegations, including four probation officers and one
criminal investigator. After hearing testimony, the trial court found that appellant had
violated the terms and conditions of his deferred community supervision, proceeded to
adjudicate appellant's guilt of the original charge, revoked his probation, and, after duly
considering the full range of punishment for a first-degree felony, sentenced appellant to
fifteen years' confinement in the Institutional Division of the Texas Department of Criminal
Justice. This appeal ensued.

 Concluding that appellant's "appeal contains no errors for the appellate court's
consideration and review," counsel filed an Anders brief in which he reviewed the merits,
or lack thereof, of the appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that, in his
professional opinion, appellant's "alleged claim of reversible errors is unmeritorious and
does not warrant appellate review" and that the "case herein presents no legal issues to
support a meritorious appeal." Counsel's brief discusses the portion of the record pertinent
to the following arguable grounds of error presented: (1) the trial court erred in denying
appellant's motion for continuance because lead counsel was unavailable; (2) the trial court
erred in denying appellant's motion to withdraw his guilty plea in the deferred case; (3) the
State failed to prove that appellant violated the terms and conditions of his probation; and
(4) the trial court abused its discretion in sentencing appellant to fifteen years in the state
penitentiary when his deferred adjudication plea had been for eight years. See In re
Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas,
an Anders brief need not specifically advance 'arguable' points of error if counsel finds
none, but it must provide record references to the facts and procedural history and set out
pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has, thus, carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has informed this Court that he
has: (1) after carefully examining and studying the record, found no issue which would
warrant appellate review from this Court; (2) forwarded a copy of the brief and the request
to withdraw as counsel to appellant; and (3) informed appellant of his right to review the
record and file a pro se response. (2) See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at
510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More than an adequate period
of time has passed, and appellant has not filed a pro se response. See In re Schulman,
252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on June 16, 2009. Within five days of the date
of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to
appellant and to advise appellant of his right to file a petition for discretionary review. (3) See
Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 15th day of October, 2009.
1. In its amended motion, the State alleged that appellant had violated the terms and conditions of his
probation, specifically that he had: (1) failed to avoid injurious/vicious habits; (2) failed to report to his
probation officer from February 2003 to August 2003, October 2003, January 2004, October 2005, March
2006, and from May 2006 through June 2006; (3) failed to pay the fine on the underlying cause, the monthly
supervisory fee, the court-appointed attorney's fees, and the fee related to the DPS's analysis of the controlled
substance; (4) failed to perform the 320 hours of community service; and (5) failed to avoid the use or abuse
of any mind-altering drugs.


 In addition, the State alleged that, on July 5, 2006, appellant violated the terms of his probation by
committing the offense of aggravated sexual assault. He was later indicted and tried for aggravated sexual
assault against his estranged wife and for burglary of a habitation with intent to commit sexual assault. See
Benavidez v. State, No. 13-07-00670-CR, slip op. ¶ 1 (Tex. App.-Corpus Christi Oct. 8, 2009, no pet. h.)
(mem. op.), available at http://www.13thcoa.courts.state.tx.us/opinions/htmlopinion.asp?OpinionId=18085. 
The jury acquitted appellant of both charges and found appellant not guilty of the lesser-included offense of
burglary of a habitation with the intent to commit assault. See id. The jury did, however, find appellant guilty
of aggravated assault, an offense submitted to the jury as a lesser-included offense of aggravated sexual
assault. See id. Appellant appealed his conviction, and on October 8, 2009, concluding that there was no
proper lesser-included offense of aggravated assault in that case and that the indictment did not contain a
charge for the offense of aggravated assault, we vacated the trial court's judgment and remanded for entry
of a judgment of acquittal as to the charge of aggravated assault. See id. at ¶ 8.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.